THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAZARIO HERNANDEZ,<br><br>               Appellant,<br><br>    v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR BOSCO CREDIT II TRUST SERIES 2010-1,<br><br>               Appellees. | CASE NO. C19-0207-JCC<br><br>BANKRUPTCY CASE NO. 18-1159-TWD<br><br>ORDER |

This matter comes before the Court on Appellant's motion for attorney fees (Dkt. No. 17) and Appellees' motion to stay the case while their appeal is pending (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Appellant's motion for attorney fees (Dkt. No. 17) and DENIES Appellees' motion for a stay (Dkt. No. 30) for the reasons explained herein.

**I.    BACKGROUND**

The Court has set forth the facts of this case in a prior order and will repeat only those relevant to the present motions. (*See* Dkt. No. 14.) On August 16, 2006, Appellant executed and delivered a promissory note to WMC Mortgage Company ("WMC") in the amount of $67,600. (Dkt. No. 7-1 at 10.) The same day, Appellant executed and delivered a deed of trust to WMC

ORDER
C19-0207-JCC
PAGE - 1

granting Mortgage Electronic Registration Systems, Inc., as nominee for WMC, a security interest in residential real property in Covington, Washington. (*Id.* at 10–11.) On November 28, 2011, the deed of trust was sold, assigned, and transferred to Appellee Deutsche Bank National Trust Company. (*Id.*) Appellee Franklin Credit Management Corporation was the mortgage servicer acting on behalf of Deutsche Bank. (*Id*. at 10.)

On May 10, 2012, Appellant and his wife filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. (*Id.*) Appellant and his wife ultimately received a discharge in that bankruptcy action on August 15, 2012. (*Id.*) On August 29, 2018, Appellant filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. (Dkt. No. 7-1 at 9–10.) On November 16, 2018, Appellant initiated an adversary proceeding against Appellees, seeking to disallow Appellees' claim and avoid the deed of trust on Appellant's property as time-barred. (*Id.* at 12.) Appellees filed a motion to dismiss the adversary proceeding. (*Id.* at 14.) The Bankruptcy Court granted Appellees' motion to dismiss and dismissed the adversary proceeding with prejudice. (*Id*. at 14–15.) Appellant appealed the Bankruptcy Court's order. (Dkt. No. 1.) This Court reversed the Bankruptcy Court, finding that Appellees' ability to enforce the deed of trust became time-barred on August 1, 2018. (Dkt. No. 14.) Appellees have appealed that order. (*See* Dkt. No. 24.) Appellant now moves for attorney fees, (Dkt. No. 17), and Appellees move to stay the case while their appeal is pending, (Dkt. No. 30).

## II.	DISCUSSION

### A.	Motion for Attorney Fees

In general, parties bear their own attorney fees. *See* Fed. R. Civ. P. 54(d)(2); *MRO Commc'ns., Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("Rule 54(d)(2) . . . gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award."). There exists no general right to recover attorney fees in the Bankruptcy Code. *See Seyed Shahram Hosseini v. Key Bank N.A. (In re*

*Seyed Shahram Hosseini)*, 504 B.R. 558, 568 (B.A.P. 9th Cir. 2014). In a bankruptcy appeal, Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for a party to seek attorney fees. *See* Fed. R. Bank. P. 7054; Fed. R. Civ. P. 54(d)(2)(A)–(C), (E). This rule permits a party to request an award of attorney fees if that party is entitled to attorney fees under a statute, rule, or other grounds. *See* Fed. R. Civ. P. 54(d)(2)(A).

Washington law provides that when an action is brought on a contract that contains a unilateral attorney fee provision, the fee provision becomes bilateral. Wash. Rev. Code § 4.84.330. "The statute ensures that no party will be deterred from bringing an action on a contract or lease for fear of triggering a one-sided fee provision. It does so by expressly awarding fees to the prevailing party in a contract action." *Wachovia SBA Lending, Inc. v. Kraft*, 200 P.3d 683, 686–87 (Wash. 2009). The prevailing party is the one "in whose favor final judgment is entered." Wash. Rev. Code § 4.84.330. For this provision to apply, it is essential that the court find the action was brought "on a contract." *Hemenway v. Miller*, 807 P.2d 863, 873 (Wash. 1991). To determine whether an action is brought "on a contract," courts in Washington ask whether "the contract containing the attorney fee provision is central to the controversy." *Id*. A proceeding on the enforceability of a deed of trust is an action on a contract. *Bingham v. Lechner*, 45 P.3d 562, 569 (Wash. Ct. App. 2002).

Appellant argues he is entitled to attorney fees based on paragraph 7 of the deed of trust. (Dkt. No. 20 at 2–3.) That provision states in relevant part:

> If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonably attorneys' fees, and take such action as is necessary to protect Lender's interest. . . . Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust.

(Dkt. No. 18 at 32.)

In this bankruptcy appeal, the key issue is whether Appellees are time-barred from

enforcing the deed of trust. (*See* Dkt. No. 14 at 6.) When the Court issued its order determining that Appellees are time-barred from enforcing the deed of trust, Appellant prevailed. (*See* Dkt. No. 14.) The Court's order disposed of all "issues in controversy" in this bankruptcy appeal, and thus, Appellant is the prevailing party in this case. Wash. Rev. Code § 4.84.330; *see Wachovia SBA Lending, Inc.*, 200 P.3d at 688.

Appellees argue that paragraph 7 does not apply because it relates to Appellees' ability to take action to protect its interest in the property as against third parties. (Dkt. No. 28 at 2.) Appellees argue that the requirement that the lender give notice to the borrower provides further evidence that paragraph 7's attorney fees provision does not apply to the present controversy. (*Id.*) But paragraph 7 provides for attorney fees "if *any* action or proceeding is commenced which materially affects Lender's interest in the property." (*See* Dkt. No. 18 at 32) (emphasis added). Appellant initiated this adversary proceeding before the Bankruptcy Court, seeking to avoid the deed of trust on his property as time-barred. (*Id.* at 12.) The proceeding materially affects Appellees' interest in the property because it determines whether Appellees may enforce the deed of trust. Additionally, the attorney fees provision in paragraph 7 provides for attorney fees "if Borrower fails to perform the covenants and agreements contained in this Deed of Trust," further evidencing that this provision is not merely related to Appellees' actions to protect their interest against third parties. (*See* Dkt. No. 18 at 32.) Therefore, Appellant's motion for attorney fees and costs (Dkt. No. 17) is hereby GRANTED.

**B.      Calculation of Reasonable Fees**

A district court employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016);

*see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

To determine a reasonable billing rate, the court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *Dague*, 505 U.S. at 562.

Appellant argues he is entitled to recover $21,945.00 in attorney fees and $183.60 in costs. (Dkt. No. 17 at 3.) Counsel for Appellant— Jacob DeGraaff—has practiced civil litigation in the Seattle legal market since 2005. (*See* Dkt. No. 18 at 1.) His practice involves representing consumer and business debtors in bankruptcy, and he has been lead or co-counsel in eight federal district court and 389 bankruptcy cases. (*Id.* at 2.) In this matter, Appellant's counsel has charged an hourly rate of $350 per hour. (*See* Dkt. No. 18 at 5–6.) The Court has previously approved hourly rates of $350 per hour. *See Campbell v. Catholic Cmty. Servs. of W. Wash.*, Case No. C10-1579-JCC, Dkt. No. 120 at 5 (W.D. Wash. 2012); *see also A Nationwide Sampling of Law*

---

[1] The factors set forth in *Kerr* to evaluate the reasonableness of requested fees are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70.

1 *Firm Billing Rates*, Nat'l L. J. (Dec. 8, 2008) (showing three Seattle firms with average hourly partner rates of $455, $405, and $498).

As Appellant's counsel's hourly rates are in line with those of similarly-situated attorneys, the Court finds that his hourly rate is reasonable. *See Camacho*, 523 F.3d at 979; *Broyles*, 195 P.3d at 1004. And having thoroughly reviewed the time entries set forth in Appellant's declaration, the Court finds that the hourly total of 78.1 hours constitutes reasonable time for Appellant's counsel to have worked on Appellant's adversary proceeding against Appellees before the Bankruptcy Court and this appeal of the Bankruptcy Court's dismissal. Therefore, Appellees are ORDERED to pay Appellant's attorney fees in the amount of $21,945.00 and $183.60 in taxable costs.

### C. Motion for Stay Pending Appeal

Appellees move to stay this case pending appeal under Federal Rule of Bankruptcy Procedure 8007, primarily citing their desire to avoid paying an award of attorney fees before the Ninth Circuit issues its decision. (Dkt. No. 30 at 5.) Appellees have not proposed to pay a bond, but indicated they would do so if the Court so orders. (Dkt. No. 34 at 4.) Appellant opposes the motion. (*See* Dkt. No. 33.)

When "it is efficient for its own docket and the fairest course for the parties [is] a stay of an action before it," the district court may enter a stay "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). A court considers four factors to determine whether to grant a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). If the party requesting a stay "has not made a certain threshold showing regarding irreparable harm. . . then a stay may not issue,

regardless of the [movant's] proof regarding the other stay factors. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)

On the first factor, Appellees suggest they are likely to prevail on appeal because the Washington law upon which the Court based its decision is preempted by the Bankruptcy Code. (Dkt. No. 30 at 6–7.) But, as the Court has previously noted, every federal court in this district that has addressed this statute of limitations issue has also adopted the holding in *Edmundson v. Bank of America*, 378 P.3d 272 (Wash. Ct. App. 2016), and the Court identified no court that has reached a different result. (*See* Dkt. No. 14 at 5–6.) On the second factor, Appellees express concern, without citation to any legal authority, that it may be difficult to unwind an award for attorney fees, and thus contend an award of attorney fees would cause "irreparable" harm. (*Id.* at 8.) But Appellees' circumstances are typical of parties in the process of appeal, and the Court is confident that Appellees can address such concerns with the proper motion. On the third factor, Appellees ask the Court to find that a delay of an award of attorney fees will not harm Appellant. (*Id.*) Appellant is in the midst of bankruptcy proceedings and simultaneously litigating the appeal to preserve his rights to his home. (Dkt. No. 33 at 4.) He states that he and his wife are hanging onto their home by a "thread" and cannot even afford to pay his attorney. (*Id.*) The Court finds balance of harms tips in favor of Appellant. *Nken*, 556 U.S. at 426. As to the fourth factor, the public interest is served by the efficient administration of justice, and it is efficient to dispose of multiple issues and motions in a single order. Thus, the *Nken* factors weigh against granting Appellees' motion for a stay. *See* 556 U.S. 426. Therefore, Appellees' motion for a stay while their appeal of the Court's order is pending (Dkt. No. 30) is DENIED.

## III. CONCLUSION

For the foregoing reasons, Appellant's motion for attorney fees (Dkt. No. 17) is GRANTED. Appellees are ORDERED to pay Appellant's attorney fees of $21,945.00 and costs of $183.60. Appellees' motion for a stay of this case pending appeal (Dkt. No. 30) is DENIED.

//

1      DATED this 6th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE